1/8/04

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-270

STATE OF MAINE,

v.

BRIAN WARREN,

Defendant

DECISION ON MOTION
TO SUPPRESS

This matter comes before the court on the defendant's motion to suppress certain evidence which was seized as a result of a search of a vehicle he was operating on March 10, 2003. The defendant argues that the search warrant lacked sufficient particularity with regard to his vehicle, that there was no probable cause asserted in the warrant application for vehicles other than those belonging to the two named subjects, and that the "legitimate business" exception for searching other vehicles arriving at the residence was too vague and delegated critical judgment decisions to the officers involved. The court finds no basis for the motion.

### Facts

On March 10, 2003, Deputy Damren of the Kennebec County Sheriff's Office applied for and received a warrant to search the residence and premises of Joseph Cloutier and Thomas Nye in Belgrade. The residence was the sixth or last apartment in a single-story apartment building, and the premises would include a parking area adjacent to that apartment. The affidavit in support of the application included many allegations of facts and circumstances. However among these facts and circumstances were the following: (1) one "concerned citizen" had advised the deputy that he/she knew of a person in the apartment selling heroin and Oxycontin and was offered a small quantity of heroin for past services; (2) another concerned citizen advised that

he/she personally had purchased a bundle of heroin at the apartment on March 2, 2003, and that the residents do not have a telephone so that respective customers must personally come to the apartment; and (3) the deputy personally observed a vehicle registered to a known drug dealer parked outside of the apartment two days before.

Based upon the affidavit that includes the factors presented above, a warrant was issued for the search of the "resident and premises of Joseph Leo Cloutier . . . and Thomas Adam Nye . . . located at Stewarts Apartments, Town of Belgrade, County of Kennebec, State of Maine." In addition, search was authorized of any vehicles driven by or registered to Cloutier or Nye and ". . . persons and their vehicles that arrive at or are at the Cloutier/Nye premises during the execution of this search warrant except those persons that are on the premise during the execution of this search warrant or arrive at the residence during the execution of this search warrant that are conducting legitimate business."

While the warrant was being executed, another officer was in the parking lot outside of apartment six searching vehicles at the apartment and watching for any vehicles which might arrive. The officer was in plain clothes but wearing a "raid vest" which clearly identified him as a member of the sheriff's office. A Blazer-type vehicle entered the parking lot and parked near to and parallel with apartment six. The officer approached the vehicle and asked what appeared to be two males (the driver being the defendant) whether they were in the parking lot to go to apartment six. When the two individuals answered in the affirmative, the officer informed them that there was a search warrant in relation to the apartment and that any vehicles coming to the apartment other than for legitimate business would be searched. Apparently neither of the men made any response to that statement and they were asked to remove themselves from the vehicle. At this point, the officer became aware of a third

occupant[1] moving around in the back of the vehicle. This individual was ordered out and a subsequent search of the vehicle disclosed both drugs and drug paraphernalia.

## Discussion

The defendant does not challenge that there was sufficient probable cause to support that portion of the warrant authorizing search of the Cloutier/Nye residence or premises or their own vehicles. However, he challenges whether there was sufficient probable cause to search any other vehicles and whether the warrant was sufficiently particular in identifying those vehicles.

Looking at the warrant as a whole, the court finds that there was sufficient probable cause to search persons and their vehicles that arrive at or are at the premises during the execution of the warrant. The affidavit describes a "cash and carry" drug business being operated out of the apartment, with customers arriving to check on the availability of drugs and making their purchases. In addition, except for service and other legitimate business vehicles, it is likely that drivers or occupants of such other vehicles arriving at the apartment would be there for the purpose of purchasing drugs and would be in possession of those drugs or paraphernalia.

With regard to the particularity issue, the defendant is correct that the warrant does not specifically identify his vehicle by description, ownership or other identifying data. Instead, the identification is a functional one of having some relationship in time and space with apartment six. The court believes that such description based upon the vehicle being at a particular place -- outside apartment six -- at a particular time -- during the search -- when combined with the other basis for probable cause provide a sufficiently particular designation of the property to be searched even though the

---

[1] The third occupant, unbeknownst to the officer, was in fact Mr. Nye.

warrant lacked other individual identifying characteristics which obviously could not be known in advance.

The defendant also argues that the warrant authorizes the search of any vehicle in the entire parking lot of the six-unit apartment complex and was therefore too broad. On the contrary, the warrant authorizes a search only of additional persons and their vehicles that arrive at or are at the premises during the search. Nor is there any problem with the warrant as executed relative to the defendant since, when asked, he readily acknowledged that he was there to go to apartment six. The defendant also challenges the "legitimate business" exception to the search as being vague and delegating critical judgment issues improperly to the officers. The court disagrees. Taken within the context of the entire affidavit and application, it is clear that the "legitimate business" exception would apply to those individuals and their vehicles who arrived at the apartment for business such as delivery of packages and services other than that which is illegal, e.g., drug dealing. The defendant is correct that making the decision as to whether a person claiming to be on legitimate business is telling the truth. However, this is no more than the officers do every day in the execution of their duties and does not constitute unlawful delegation of the magistrate's authority. In any event, when the officer announced that he was there to search any vehicles arriving at the apartment that were not there on "legitimate business," the defendant had the opportunity to assert the exception but failed to do so. Nor does he claim that exception to this day.

Finally, the defendant argues that the officers had no basis for a warrantless search of his vehicle. Since the court has concluded that the officers had a legitimate warrant to make such search, the argument is irrelevant.

For the reasons stated, the entry will be:

Motion to suppress is DENIED.

Dated: January 8, 2004

S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE
  vs
BRIAN  WARREN
676 RIVER ROAD
CHELSEA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2003-00270

**DOCKET RECORD**

DOB: 06/16/1981
Attorney: JULIAN SWEET
          BERMAN & SIMMONS
          PO BOX 961
          129 LISBON STREET
          LEWISTON ME 04243-0961
          RETAINED 09/11/2003

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 07/02/2003

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   UNLAWFUL POSSESSION OF SCHEDULED DRUG       03/11/2003 BELGRADE
    17-A   1107-A(1)(B)(1)        Class C

## Docket Events:

07/03/2003 FILING DOCUMENT -  INDICTMENT FILED ON 07/02/2003

           TRANSFER -  BAIL AND PLEADING GRANTED ON 07/02/2003

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 07/02/2003

07/03/2003 BAIL BOND - $500.00 CASH BAIL BOND SET BY COURT ON 07/03/2003
           JOHN R ATWOOD , JUSTICE
           OR $5,000.00 SURETY; NO USE/POSSESSION OF DRUGS;SUBMIT TO RANDOM SEARCH AND TESTING.
07/03/2003 WARRANT -  ON COMP/INDICTMENT ISSUED ON 07/03/2003
           JOHN R ATWOOD , JUSTICE
           CERTIFIED COPY TO WARRANT REPOSITORY
07/15/2003 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 07/15/2003

           Bail Receipt Type: CR
           Bail Amt: $500
                                    Receipt Type: CA
           Date Bailed: 07/15/2003  Prvdr Name: BRIAN  WARREN
                                    Rtrn Name: ALETHIA  WARREN
           DEF. BAILED AT SUPERIOR COURT CLERK'S OFFICE

           **Conditions of Bail:**
           Refrain from possession or use of any unlawful drugs.

           Submit to random search and testing for drugs upon reasonable suspicion of use or possession.
07/15/2003 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 07/17/2003 @ 8:15

           NOTICE TO PARTIES/COUNSEL
07/15/2003 WARRANT -  ON COMP/INDICTMENT RECALLED ON 07/15/2003

RECALLED BY CATHY AS DEFENDANT CAME IN THIS DATE AND BAILED AT THE SUPERIORCOURT CLERK'S OFFICE.

07/15/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/15/2003

07/17/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/17/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL

07/17/2003 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 07/17/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: CRAIG STEVENS
DA: ALAN KELLEY          Reporter: PHILIP GALUCKI
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT. 21 DAYS TO FILE MOTIONS

07/17/2003 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/17/2003

07/17/2003 Charge(s): 1
PLEA - NOT GUILTY ACCEPTED BY COURT ON 07/17/2003

07/17/2003 BAIL BOND - $500.00 CASH BAIL BOND CONTINUED AS POSTED ON 07/17/2003

08/01/2003 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 08/01/2003

08/01/2003 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 08/01/2003

08/01/2003 WARRANT - ON COMP/INDICTMENT RETURNED ON 07/16/2003

08/06/2003 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 09/04/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
08/06/2003 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 09/04/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
09/05/2003 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 09/04/2003

09/05/2003 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 09/15/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
09/05/2003 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 09/04/2003

09/05/2003 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 09/15/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
09/11/2003 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 09/11/2003

09/17/2003 MOTION - MOTION TO CONTINUE GRANTED ON 09/12/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
09/17/2003 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 09/12/2003

09/18/2003 MOTION -   MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/17/2003
         S KIRK STUDSTRUP , JUSTICE
         COPY TO PARTIES/COUNSEL
09/18/2003 HEARING -   MOTION TO SUPPRESS STATEMENT NOT HELD ON 09/15/2003


09/18/2003 HEARING -   MOTION TO SUPPRESS EVIDENCE NOT HELD ON 09/15/2003


09/18/2003 HEARING -   MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 12/02/2003 @ 9:00
         S KIRK STUDSTRUP , JUSTICE
         NOTICE  TO PARTIES/COUNSEL
09/18/2003 HEARING -   MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/02/2003 @ 9:00


         NOTICE  TO PARTIES/COUNSEL
10/02/2003 MOTION -   MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 10/01/2003


         Attorney:  BENJAMIN GIDEON
10/02/2003 MOTION -   MOTION TO SUPPRESS STATEMENT WITHDRAWN ON 10/01/2003


10/02/2003 HEARING -   MOTION TO SUPPRESS STATEMENT NOT HELD ON 10/02/2003


10/28/2003 HEARING -   MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 12/02/2003 @ 9:00
         S KIRK STUDSTRUP , JUSTICE
         NOTICE  TO PARTIES/COUNSEL
12/04/2003 HEARING -   MOTION TO SUPPRESS EVIDENCE HELD ON 12/02/2003
         S KIRK STUDSTRUP , JUSTICE
         Attorney:  BENJAMIN GIDEON
         DA:  ALAN KELLEY          Reporter: PHILIP GALUCKI
         Defendant Present in Court


         STATE'S WITNESSES: JEREMY DAMREN AND CORPORAL BOURQUE
12/04/2003 MOTION -   MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 12/02/2003
         S KIRK STUDSTRUP , JUSTICE
         DEFENSE TO FILE MEMORANDUM BY 12/8 AND RESPONSE TO FOLLOW 12/15
12/04/2003 CASE STATUS -   DECISION UNDER ADVISEMENT ON 12/02/2003
         S KIRK STUDSTRUP , JUSTICE
12/10/2003 OTHER FILING -   TRANSCRIPT FILED ON 12/10/2003


         MOTION TO SUPPRESS TRANSCRIPT
12/16/2003 HEARING -   MOTION TO SUPPRESS EVIDENCE HELD ON 12/02/2003


12/16/2003 OTHER FILING -   MEMORANDUM OF LAW FILED ON 12/12/2003


         DA:  PAUL RUCHA
01/12/2004 MOTION -   MOTION TO SUPPRESS EVIDENCE DENIED ON 01/08/2004
         S KIRK STUDSTRUP , JUSTICE
         COPY TO PARTIES/COUNSEL


## Exhibits

    12/02/2003  STATE, Exhibit#1, AFFIDAVIT AND REQUEST FOR A SEARCH WARRANT, Adm w/o obj on
              12/02/2003.

A TRUE COPY
ATTEST: _____
Clerk

Printed on: 01/12/2004